IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT HARRIS,           Plaintiff, | : : : | |
| v. | : : | Civil No. 5:22-cv-05147-JMG |
| AMY COLE, *et al.*,           Defendants. | : : : | |

MEMORANDUM OPINION

**GALLAGHER, J.**                                                                                          September 15, 2023

Pro se plaintiff Robert Harris has filed a complaint against Parole Supervisor Amy Cole ("Cole"), Parole Agent Moses Martinez ("Martinez"), District Director Eric S. Pennypacker ("Pennypacker"), Deputy Secretary of Field Services Christian M. Stephens ("Stephens"), Parole Agent Jason Nagle ("Nagle"), Parole Agent Kevin Sallock ("Sallock"), and Parole Agent Dominic Compano ("Compano"), alleging violations of the Fourth and Fourteenth Amendment, as a well as a claim of double jeopardy under the Fifth and Fourteenth Amendments. Defendants have filed a motion to dismiss the complaint ("Motion").[1] For the reasons explained below, the Motion to dismiss will be granted.

**I.   ALLEGATIONS**[2]

On June 21, 2015, the Pennsylvania Board of Probation and Parole ("Board") began its supervision of Plaintiff, when his parole was switched from New Jersey to Pennsylvania.

---

[1] A motion to dismiss was filed on March 10, 2023 on behalf of all defendants except Cole and Compano. Later that day, the same motion was again filed, this time including all remaining defendants (Martinez Nagle, Pennypacker, Sallock, and Stephens).

[2] On a motion to dismiss, we operate "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Complaint, ECF No. 1 ("Compl.") at 11, ¶ 1. He was subsequently arrested on April 6, 2016 by the Allentown Police Department, and sentenced on September 6, 2016 for that offense to a minimum prison term of 27 months with a maximum term of 60 months. *Id.* at 11, ¶¶ 2–3. The expiration date for the maximum term of his imprisonment was April 6, 2021, and the minimum term date was July 6, 2018. *Id.* at 11, ¶ 4. On May 8, 2018, Plaintiff was granted parole for the minimum term date of May 8, 2018. *Id.* at 11, ¶ 5.

On January 4, 2021, approximately three months before the end of his maximum prison term, Plaintiff was arrested by Lehigh County detectives on new criminal charges. *Id.* at 11, ¶ 9. He was then taken to Lehigh County Jail. *Id.* A detention hearing for the new criminal charges pending against Plaintiff was scheduled for January 21, 2021. *Id.* at 11, ¶¶ 10–11. The detention hearing was held on January 21, 2021, and then on January 27, 2021 the Board decided to detain Plaintiff pending disposition of his new criminal charges. *Id.* at 11–12, ¶¶ 12–13. On March 30, 2021, Plaintiff waived his right to a preliminary hearing for the new criminal charges. *Id.* at 12, ¶ 15. That same day, the Board lifted its parole detainer for the new charges. *Id.* at 12, ¶ 16. On June 7, 2021, Plaintiff was convicted and sentenced to four years of probation with the first 22 months to be served in a rehabilitative program. *Id.* at 12, ¶ 20, Ex. M. On June 9, 2021, Plaintiff was released from the Lehigh County Jail and began inpatient treatment. *Id.* at ¶ 21.

On June 22, 2021, Agent Martinez made an application to his district supervisor Cole for permission to arrest and detain Plaintiff for violating his parole pursuant to Plaintiff's January 4, 2021 arrest and subsequent conviction. *Id.* at ¶ 22. This request was granted by Cole. *Id.* at 13, ¶ 23. Director Pennypacker concurred with the warrant, and Secretary Stephens then signed the warrant. *Id.* at 13, ¶¶ 24–25. On June 22, 2021, Agents Nagle and Sallock arrested Plaintiff and transported him to SCI-Smithville. *Id.* at 13, ¶ 26. On September 9, 2021, Plaintiff received a

notice of charges and hearing for a parole revocation hearing. *Id.* at ¶ 28. The hearing was set for October 27, 2021. *Id.* The notice was signed by Agent Campano and Supervisor Cole on September 23, 2021. *Id.* at ¶ 29. On November 5, 2021, the Board issued a decision informing Plaintiff that it would note the conviction at Lehigh County and take no action as to that conviction, but would refer the action of January 27, 2021 to the Board and detain Plaintiff pending disposition of criminal charges. *Id.* at Ex. N.

Plaintiff appealed the Board's decision on April 22, 2022. *Id.* at 13, ¶ 30. On June 28, 2022, the Board issued a notice informing Plaintiff that his discharge from supervision was effective April 6, 2021. *Id.* at ¶ 33.

## II. STANDARD

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). In other words, "there must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to

accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 Fed. Appx. 147, 149 (3d. Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

Even where a plaintiff is proceeding pro se, in deciding a motion to dismiss, the Court is not permitted to add or imply certain facts to a plaintiff's complaint that are not plead. *Doe v. Law Sch. Admission Council, Inc.*, 791 Fed. Appx. 316, 321 (3d Cir. 2019) ("Although we must construe pro se pleadings liberally, we cannot add facts [the Plaintiff] does not supply.")

**III.    DISCUSSION**

The Court understands Plaintiff's argument as follows: (1) Plaintiff was arrested for a new crime during his parole; (2) Plaintiff was convicted of this new crime subsequent to his parole ending; (3) Plaintiff was arrested and charged for a parole violation following the expiration of his parole; (4) Plaintiff was detained pending disposition of his parole revocation hearing; (5) Plaintiff now alleges that his arrest and detention stemming from this parole violation violated his Fourth, Fourteenth, and Fifth Amendment rights under the Constitution; and (6) Each of the defendants are liable for their personal involvement in Plaintiff's alleged constitutional violations. Of note, Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint ("Opp'n") states that he does not challenge his underlying conviction or his parole violation. Opp'n at 10, ¶ 12.

> a. **The Board's Jurisdiction of a Parolee Under § 6138(a)(1)**

Defendants argue that the Board retained jurisdiction over Plaintiff under 61 PA.C.S. § 6138(a)(1) even after his maximum term expired for crimes committed during the term of his parole. The Court agrees. The Board retains jurisdiction to recommit a parolee convicted of a crime committed while on parole even after his original maximum sentence has expired. *See* 61

PA.C.S. § 6138(a)(1); *e.g., Wolfe v. Com., Pennsylvania Bd. of Probation and Parole*, 558 A.2d 600, *appeal denied* 574 A.2d 76.[3]

Under Pennsylvania statute and case law, the Board had jurisdiction to arrest and detain Plaintiff on June 22, 2021 for a crime Plaintiff committed during the term of his parole and for which he was convicted after his maximum sentence expired. Under the facts presented, Plaintiff has failed to state a claim.

As Defendants' argument under § 6138(a)(1) is dispositive, the Court does not address the remaining arguments raised in the Motion.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[3] The Court understands Plaintiff to be challenging the application of § 6138(a)(1) rather than its constitutionality. In any case, § 6138(a)(1) has been repeatedly upheld on constitutional grounds. *E.g., Wolfe*, 558 A.2d at 601–02 & n.2 (holding that the statute's grant of jurisdiction to recommit a parolee convicted of a crime committed while on parole even after his original maximum sentence has expired does not violate a parolee's constitutional rights); *U.S. ex rel. Heacock v. Myers*, 251 F. Supp. 773, 774 (E.D. Pa.), *aff'd*, 367 F.2d 583 (3d Cir. 1966) ("A parolee who commits a crime may be required to serve the balance of his term, regardless of the fact that it would otherwise have expired.").